RECEIVED
JAN 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Gary Eugene Placke, | ) |
|             Plaintiffs, | ) Case No: 1:06-cv-00026-JR |
| v. | ) |
| | ) **Response to Motion to Dismiss** |
| UNITED STATES (Government), | ) |
|             Defendant. | ) |

Plaintiff asserts that defendant, by and with the active assistance of counsel, seeks to perpetrate a fraud upon the Court, through misrepresentation of fact; law, and legal precedent. This Response is supported by the questions, alternative questions, and supplemental questions presented herein

**QUESTION PRESENTED**

Did defendant, by and with the active assistance of counsel, misrepresent the language of Rule 4(i), specifying the Rule's alternative method of service upon the United States by mail, and further misrepresent judicial precedent in respect of service?

**DISCUSSION**

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i), the Rule under which service was effected, states:

    (1)    Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical

employee designated by the United States attorney in a writing filed with the clerk of the court *or by sending a copy of the summons and of the complaint by registered or certified mail* addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...(emphasis added)

While counsel argues that Fed.R.Civ.P. 4(i)(1)(A) absolutely requires that someone other than the Plaintiff effect service, counsel overlooks the Rule's alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail...". Fed.R.Civ.P. 4(i)(1)(A).

Counsel also overlooks the fact that service of Summonses and my Verified Complaint was "effected" by the United States Postal Service, an agency of the Defendant, "...by registered or certified mail..." in accordance with Fed.R.Civ.P. 4(i)(1)(A)'s alternative.

Plaintiff respectfully asserts that Congress' (and the Supreme Court's) approval of the language of Rule 4(i), specifying the Rule's alternative method, should be given weight, and that weight so given precludes dismissal of an action in which service of process was unarguably made.

Counsel presents no authority which prevents plaintiff(s) from certifying that plaintiff placed the summons and complaint in the mail as required by Fed.R.Civ.P. 4(i)(1)(A). As pointed out by the Honorable Colleen Koller-Kotelly in *Larue v. United States*, (DDC 06-61), (*accord* Charles Alan Wright & Arthur R. Miller, 4A Federal Practice & Procedure § 1106, at 151 & n.13 (2d ed.1987), and quoting therefrom,

> "[T]here is no apparent reason why a person specified in Rule 4(c), rather than plaintiff or plaintiff's attorney, should be required to mail the copies of process to be served on the Attorney General . . .")

Counsel also alleges that plaintiff(s) did not serve the Internal Revenue Service.

This is a clear misrepresentation of this matter as the Internal Revenue Service is not named as a party to this matter and thus plaintiff is not required to serve the Internal Revenue Service.

Counsel then seeks to "sneak in" through his/her "Memo" several other bases for dismissal that are not relevant to his/her Motion to Dismiss re: Insufficiency of Service.

## QUESTION PRESENTED

Did the defendant, by and with the active assistance of counsel, misrepresent the status of the Court's subject matter jurisdiction?

## DISCUSSION

The Court's *subject matter* jurisdiction was verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[1], decided February 22, 2006, and that precedent was first cited by the District Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. March, 2006). Counsel was, or should have been, aware that her "subject matter jurisdiction" argument was misrepresentative at the time it was made.

## QUESTION PRESENTED

Was the ground of "failure to state a claim" under Fed.R.Civ.P. 12(b)(6) premature, in the context of the "notice Pleadings" Rule, Fed.R.Civ.P 8(a), Fed.R.Civ.P 12(h)(2), and *Conley v. Gibson*, 355 U.S. 41?

## DISCUSSION

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined "essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240. Citing

---

[1] *Arbaugh*'s effect on "failure to state a claim" is addressed below, and discussed more fully in Plaintiff's RELIEF MEMO, ¶ ____.

to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts."

Plaintiff asserts that the Complaint met the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), and *Conley v. Gibson*, 355 U.S. 41[2], and that defendant's Motion to Dismiss, insofar as it asserted "failure to state a claim", pre-empted the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies* available " as described in IRC § 7433(d)[3], [4]. Further,

Defendant could not seriously assert prejudice by the jury's trial of the factual element, since Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:

> "A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a)[5], or by motion for judgment on the pleadings, <u>or at the trial on the merits</u>." Fed.R.Civ.P 12(h)(2) (emphasis added)

7433(d)'s language - "unless the court determines" - in the common English to

---

[2] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[3] Plaintiff asserts that "the court" contemplated in IRC § 7433(d) comprises, for purposes of factual determinations, both the judge and the jury.

[4] The Congressional language of 7433(d) is further addressed below.

[5] "Pleadings permitted" are limited to "complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed</u>, except that the court may order a reply to an answer or a third-party answer." (Emphasis added)

which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861, calls for a determination of fact; clearly within the province of the jury. *Arbaugh*, 1240; *Reeves*. Thus, motion to dismiss on grounds of "failure to state a claim" can be, and, based upon the Congressional language, <u>is</u>, more properly brought <u>after</u> the Court (see footnote 7) has had the opportunity to make a factual determination with respect to exhaustion of <u>available</u> administrative remedies.

## QUESTION PRESENTED

Is defendant, with the active assistance of counsel, "reading into" section 7433 language that Congress had included in TBOR I, totally removed from TBOR II, and intentionally omitted from TBOR III?

## DISCUSSION

TBOR I (1988) expressly withheld jurisdiction in the absence of a prior exhaustion of administrative remedies. TBOR II, Public Law 104-168, 110 Stat. 1465 (1996) specifically removed that prior exhaustion requirement, providing for mitigation of damages in the absence of exhaustion. TBOR III (1998, in Public Law 105-206, §§ 3000, 3102) specified only that "A judgment for damages shall not be awarded under subsection (b) *unless the court determines* that the plaintiff has exhausted the administrative remedies *available* to such plaintiff within the Internal Revenue Service." <u>26 USC § 7433(d)</u> (emphases added).

It appears that defendant's insistence (in the Motion to Dismiss, citing the regulation) that administrative remedies must be exhausted "prior to" commencement of a civil action relies solely upon language removed by Congress in 1996; no such "prior exhaustion" language was added in 7433's current incarnation.

## QUESTION PRESENTED

Is Treasury Decision 9050, 68 FR 14320, Mar. 25, 2003, in merely <u>amending</u> Treasury Decision 8392, 57 FR 3536, Jan. 30, 1992; 57 FR 5931, Feb. 18, 1992, a reasonable interpretation of P.L. 105-206, § 3102 under the deferential framework of *Chevron U.S. A. Inc. v. Natural Resources Defense Council*, Inc., 467 U.S. 837?

## DISCUSSION

Plaintiff asserts that Treasury Decision 9050 (the current 26 C.F.R. § 301.7433-1) is 1) an unreasonable interpretation of Public Law 105-206, § 3102; exceeds the authority of Public Law 105-206, § 3102 by reinserting the "may not be maintained" ("prior exhaustion") language of TBOR I; that Treasury Decision 9050  2) impermissibly extends the operation of the exhaustion requirement; that the regulation 3) frustrates Congress' intent in creating, and amending, 7433; and that it 4) effectively converts a "7433 damages" claim into a "7422 refund" claim, effecting an unauthorized "stealth repeal" of TBOR III by regulation.

## QUESTION PRESENTED

Was counsel's "refund suit" construction a willful mischaracterization intended to mislead the Court?

## DISCUSSION

Plaintiff seeks no refund in this action.  Indeed, Plaintiff is of the belief that "refund" is a matter not yet ripe for adjudication.  Plaintiff seeks only a determination as to whether officers or employees of defendant's agent disregarded provisions of the Internal Revenue Code or regulations promulgated thereunder *in connection with* collection activity.  Specifically, Plaintiff'(s) allegations include, but are not limited to,

officers or employees of defendant's agent engaging in activity *in connection with* collection in the absence of a valid, properly executed Certificate of Assessment; an "exaction...in the guise of a tax." See: <u>Enochs V. Williams Packing Co.</u>, 370 U.S. 1 (1962). If, upon evidence, the Court finds that such unauthorized actions were committed, damages — authorized by Congress — may then be determined; tort damages are in no sense a "refund".

In *Wachovia Bank, N. A. V. Schmidt*, ___ U.S.___, (04-1186, decided January 17, 2006), the Supreme Court provided guidance when - citing *Erlenbaugh v. United States*, 409 U.S. 239, 243, 244 - the *Wachovia* Court reiterated the long-standing principle [6] that statutes regarding the same subject matter should be construed *in pari materia*. As stated by Justice Ginsburg in WACHOVIA, "...under the in pari materia canon, statutes addressing the same subject matter generally should be read " 'as if they were one law,' Erlenbaugh v. United States, 409 U.S. 239, 243." Counsel knows, or should know, that Internal Revenue Code sections 7422 and 7433 address completely different subject matter, and cannot be construed in pari materia.

The subject matter of Internal Revenue Code section 7433, and of the Complaint brought thereunder, is damages for unauthorized actions *in connection with* collection, not refund of taxes assessed; in fact, the only connection to the "7433 Complaint" found within the body of Counsel's Motion to Dismiss is Counsel's acknowledgment that the lack of a 23C Summary Record of Assessment is (notwithstanding Counsel's misreading, misunderstanding, mischaracterization and misrepresentation) one of the

---

[6]Cases cited in *Erlenbaugh* include *United States v. Freeman*, 3 How. 556, 564 (1845); *United States v. Stewart*, 311 U.S. 60, 64 (1940).

*many allegations* raised in the Complaint.

## QUESTION PRESENTED

Was defendant's Anti-Injunction Act position frivolous, in the face of allegations meeting at least 3 of the AIA's 14 statutory exceptions?

## DISCUSSION

The Anti-Injunction Act contains 14 specific exceptions to its prohibition:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). As the Court stated in *Larue v. United States*, (DDC 06-61), the Anti-Injunction Act "could scarcely be more explicit" (quoting Bob Jones Univ. v. Simon, 416 U.S. 725, 736, 94 S. Ct. 2038, 40 L. Ed. 2d 496 (1974)).

Plaintiff specifically alleged, Complaint, ¶ 7f, that defendant failed to provide Notice of Deficiency in accordance with IRC § 6212, arguably "within the rubric of 26 U.S.C. § 6212(a), which states:

> "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office."

*Larue v. United States*, (DDC 06-61).

Plaintiff specifically alleged, Complaint, ¶ 7 (unnumbered subparagraph corresponding to "g"), that defendant failed to give notice of the last day for filing for redetermination of such phantom deficiency in accordance with IRC § 6213, arguably

"within the rubric" (*Larue*) of 26 U.S.C. § 6213(a). Section 6213(a) provides that "[n]otwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court[.]" 26 U.S.C. § 6213(a).

Plaintiff specifically alleged, Complaint, ¶ 7 (unnumbered paragraphs corresponding to "h" and "I"), that defendant failed to afford Plaintiff a meaningful Collection Due Process in accordance with IRC 6230/6330.

At least three of the Anti-Injunction Act's exceptions apply to allegations contained in my Verified Complaint.

Plaintiff contends that defendant's Anti-Injunction Act argument, in the face of clear exceptions to the operation of the AIA, was intended to "reinstate" the failed subject matter jurisdiction argument in spite of the Supreme Court's *Arbaugh* decision.

The motion to dismiss should be denied.

Respectfully Submitted

Dated  January 16 , 2007

*[signature]*

CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Pat S Genis

U.S. Dept of Justice

P.O. Box 277

Washington D.C. 20044

Dated January 16, 2007      *[signature: Gary Eugene Placke]*