UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY EUGENE PLACKE,                 :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :   Civil Action No. 06-0026 (JR)
                                    :
UNITED STATES,                      :
                                    :
        Defendant.                  :

### MEMORANDUM

Pro se plaintiff Gary Eugene Placke alleges a series of violations by the Internal Revenue Service ("IRS") in the collection of taxes. He seeks damages against the United States pursuant to 26 U.S.C. § 7433.[1] The government moves to dismiss on a number of grounds, among them improper service and failure to exhaust administrative remedies. The motion is well taken and will be granted.

At the outset, defendant seeks dismissal pursuant to rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure because of at least two insufficiencies in service of process: plaintiff failed to serve the IRS with a summons and

---

[1] This case is one of more than seventy cases in which pro se plaintiffs have filed complaints in this Court pursuant to 26 U.S.C. § 7433, many of which have been dismissed for failure to exhaust administrative remedies. See, e.g., Gross v. United States, Civ. No. 05-1818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006). Plaintiffs' filings in this case, while not identical to those in other cases, are virtually indistinguishable from them, and presumably incited, or aided and abetted, by templates found on the Internet.

copy of the complaint, and he failed to address the copy of the summons sent to the United States Attorney's Office to the civil process clerk of that office.  Fed. R. Civ. P. 4(I).  Plaintiff appears pro se, however, and is "allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."  Moore v. Agency for Int'l Dev't, 994 F.2d 874, 876 (D.C. Cir. 1993).  For this reason, and because the defect is of relatively minor significance, I will follow those of my colleagues who have chosen to resolve similar defense motions on alternate grounds.  See, e.g., Lykens v. U.S. Government, Civ. No. 06-1226, 2006 WL 3408188, *4, n.2 (D.D.C. Nov. 27, 2006); Lindsey v. United States, 448 F.Supp.2d 37, 47 (D.D.C. 2006)(Walton, J.); Erwin v. United States, Civ. No. 05-1698, 2006 WL 2660296, *7 (D.D.C. Sept. 15, 2006)(Kollar-Kotelly, J.).

      The Taxpayer Bill of Rights waives the sovereign immunity of the United States with respect to taxpayer suits for damages if, "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision . . . or any regulation" of the tax code.  26 U.S.C. § 7433(a).  However, section 7433(d)(1) further provides that a "judgment for damages shall not be awarded . . . unless the court determines that the

plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

The IRS has established by regulation the procedures by which a taxpayer may pursue an administrative claim under section 7433.  See 26 C.F.R. § 301.7433-1.  The regulations require that the taxpayer write to the "Area Director, Attn: Compliance Technical Support Manager" for the area in which the taxpayer resides, id. § 301.7433-1(e)(1), and provide:

> (I) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
> (v) The signature of the taxpayer or duly authorized representative.

Id. § 301.7433-1(e).  The regulations provide that a § 7433 action for damages "may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section," 26 C.F.R. § 301.7433-1(a), and suit may not be filed until either the IRS rules on the claim or six months pass without a decision on a properly filed claim, id. § 301.7433-1(d)(i)-(ii).  The only

exception is for administrative submissions made during the last six months of the two-year statute-of-limitations period; a taxpayer may file suit immediately after the administrative claim is submitted in such a circumstance – but the taxpayer must have filed administratively first, id. § 301.7433-1(d)(2).

Plaintiff does not claim that he has exhausted his administrative remedies, as required by 26 U.S.C. § 7433(d)(1), or that he has filed an administrative claim, as required by 26 C.F.R. § 301.7433-1.  Plaintiff states only that he "has/have exhausted all administrative remedies." Compl. ¶ 6.  This bare allegation, without more, does not satisfy the exhaustion requirement, where, as here, failure to exhaust has been asserted in a motion to dismiss.  See Lykens v. U.S. Government, Civ. No. 06-1226, 2006 WL 3408188, *5 (D.D.C. Nov. 27, 2006); Erwin v. United States, Civ. No. 05-1698, 2006 WL 2660296, *12 (D.D.C. Sept. 15, 2006); Waller v. United States, Civ. A. No. 06-1112, 2006 WL 2472781, at *2 (D.D.C. July 7, 2006).  Accordingly, plaintiff's damages claim must be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).[2]

---

[2] The government requests dismissal pursuant to Rule 12(b)(1), rather than 12(b)(6), arguing that plaintiffs' failure to exhaust deprives this court of subject matter jurisdiction. Section 7433's exhaustion requirement is nonjurisdictional, however.  See Gross v. United States, Civ. No. 05-1818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006); see also Lindsey v. United States, 448 F.Supp.2d 37 (D.D.C. 2006)(Walton, J.)); Turner v.

Perhaps anticipating this death knell to his complaint, plaintiff argues that the IRS regulation requiring exhaustion is invalid. As defendant rightly points out, however, my colleagues have repeatedly addressed and rejected that argument. See Evans v. United States, 433 F. Supp.2d 17 (D.D.C. 2006)(Bates, J.); Lohmann v. United States, Civ. No. 05-1976, 2006 WL 1826770 (D.D.C. July 3, 2006)(Kennedy, J.); Rippl v. United States, Civ. No. 06-0165, 2006 WL 2024966 (D.D.C. July 17, 2006)(Roberts, J.).

Plaintiff's additional claims fail as well. Plaintiff seeks an order "enjoining the Internal Revenue Service...from engaging in any further collection activity. . . ." Compl. ¶ 21. The Anti-Injunction Act, however, prohibits any suit "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421. Although this prohibition is subject to two judicially-created exceptions, see Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), this is not a case "where the aggrieved party has no alternative remedy," nor have plaintiffs shown that it is a case "where the taxpayer is certain to succeed on the merits and the collection would cause irreparable harm." Ross v. United States, 460 F.Supp.2d 139, 148 (D.D.C. 2006)(citing South Carolina v. Regan, 465 U.S. 367

---

United States, 429 F. Supp. 2d 149 (D.D.C. 2006)(Bates, J.); Ross v. United States, 460 F.Supp.2d 139, 145 (D.D.C. 2006)(Bates, J.)(reconsidering and reaffirming the rule in Turner that section 7433's exhaustion requirement is nonjurisdictional.)

(1984)(citing Enochs, 370 U.S. at 7)).  See also Lindsey v. United States, 448 F.Supp.2d 37, 49-50 (D.D.C. 2006); Erwin v. United States, Civ. No. 05-1698, 2006 WL 2660296, *8-9 (D.D.C. Sept. 15, 2006).

Plaintiff's claim for a tax refund (if indeed he is making such a claim)[3] also fails.  Section 7422 of the Internal Revenue Code, which establishes district court jurisdiction over actions for refunds, states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a)(emphasis added).  Because plaintiff has not alleged that he filed an administrative claim for a refund, as required by 26 U.S.C. § 7422, his claim must be dismissed for lack of subject matter jurisdiction.  See Lindsey v. United States, 448 F.Supp.2d 37, 52 (D.D.C. 2006)(citing Commissioner of Internal Revenue v. Lundy, 516 U.S. 235, 240 (1996)); Ross v. United States, 460 F.Supp.2d 139, 152 (D.D.C. 2006); Erwin v.

---

[3]It is not entirely clear whether plaintiff intends his suit to state a claim for a tax refund.  Compare Compl. ¶ 20 (seeking "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds") with Pl.'s Opp. at 6 ("Plaintiff seeks no refund in this action.").

United States, Civ. No. 05-1698, 2006 WL 2660296, at *10-11 (D.D.C. Sept. 15, 2006).[4]

      For the foregoing reasons, defendant's motion to dismiss will be granted.  An appropriate order accompanies this memorandum.


                                             JAMES ROBERTSON
                                 United States District Judge

---

[4] Defendant also seeks dismissal of plaintiff's refund claim on the grounds that the proper venue is Arizona, where plaintiff resides.  28 U.S.C. 1402(a)(1).  Because no court of the United States may exercise subject matter jurisdiction over this claim, Arizona is neither a more nor less appropriate forum than the District of Columbia.